UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VLADIMIR GONCHAROV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-1372-B |
| | § | |
| JOHN ALLEN, Acting Director, Texas Service Center; ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security; and UR MENDOZA JADDOU, Director, U.S. Citizenship and Immigration Services, | § § § § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Vladimir Goncharov's Motion for Summary Judgment (Doc. 28) and Brief in Support (Doc. 29) and Defendants John Allen, Alejandro Mayorkas, and Ur Mendoza Jaddou (collectively, the "Government")'s Motion for Summary Judgment (Doc. 26) and Brief in Support (Doc. 27). For the reasons given below, the Court **DENIES** Goncharov's Motion and **GRANTS** the Government's Motion.

### I.

### BACKGROUND

This is an immigration case concerning whether a petition affirmatively establishes that the applicant is an alien of extraordinary ability. The Immigration and Nationality Act requires that United States Citizenship and Immigration Services ("USCIS") give certain applicants priority when reviewing employment-based visas, including those with "extraordinary ability." 8 U.S.C. §

1153(b)(1)(A). These "Einstein" visas are extremely "coveted" and are "reserved for only the most talented" non-citizens. *Onaghise v. Dep't of Homeland Sec.*, 2022 WL 4073344, at *2 (N.D. Tex. Sept. 2, 2022) (Starr, J.). For example, "these visas have been granted to world-class professional golfers, Nobel laureates, and even Beatles legend John Lennon." *Id.* An applicant qualifies for such a visa if:

> (i) the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation,
>
> (ii) the alien seeks to enter the United States to continue work in the area of extraordinary ability, and
>
> (iii) the alien's entry into the United States will substantially benefit prospectively the United States.

§ 1153(b)(1)(A). "Extraordinary ability" is defined as "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2).

Plaintiff Vladimir Goncharov is a Russian citizen seeking review of his Immigrant Petition for Alien Worker (the "Petition"). *See* Doc. 27, Gov't's Br. Supp., 7; Doc. 29, Pl.'s Br. Supp., 1. Goncharov is an Oracle Apex Developer and Database Administrator. Doc. 29, Pl.'s Br. Supp., 5. Goncharov asserts that he "ha[s] risen to the top of his field" and is "nationally and internationally acclaimed for his extraordinary ability in the field." Doc. 27, Gov't's Br. Supp., 7 (alteration in original).

Goncharov filed his Petition on August 20, 2020 and sought to be classified as an alien of extraordinary ability under § 1153(b)(1)(A). *Id.* On September 4, 2020, USCIS issued Goncharov a Request for Evidence. *Id.* In response, Goncharov submitted additional evidence, including a

"memorandum of law, in which [he] documented his qualifications for at least three (3) of the criteria under 8 C.F.R. § 204.5(h)(3)." Doc. 29, Pl.'s Br. Supp., 4. On December 3, 2020, USCIS denied the Petition, stating that Goncharov only met one of the criteria under § 204.5(h)(3). *Id.*

On June 16, 2021, Goncharov filed his Complaint (Doc. 1) alleging that USCIS's determinations were "arbitrary and capricious" and violated the Administrative Procedure Act (APA). Doc. 27, Gov't's Br. Supp., 8. In light of the Complaint, USCIS reopened Goncharov's Petition and requested additional evidence to support his Petition on September 14, 2021. *Id.* at 8–9. Goncharov responded on November 23, 2021, but "[r]ather than providing additional documentary evidence, the response consisted of a legal brief and a statement written by Goncharov." *Id.* at 9.

USCIS denied Goncharov's Petition a second time on January 4, 2022. *Id.* USCIS determined that Goncharov met four of the criteria in § 204.5(h)(3). *Id.* USCIS found that Goncharov submitted sufficient evidence that

> he (1) received nationally or internationally recognized prizes or awards for excellence in the his field; (2) had materials published about his work in the field in professional or major trade publications or other major media; (3) had published his own scholarly articles in the field and (4) commanded a high salary or other significantly high remuneration for services, in relation to others in the field.

*Id.* However, USCIS stated that Goncharov did not demonstrate that he was "among those few at the top of field and who ha[s] achieved and sustained acclaim." *Id.* at 9–10.

Following the decision, Goncharov filed an Amended Complaint (Doc. 16) challenging USCIS's second denial of his Petition. After conclusion of the discovery period, both parties moved for summary judgment. Doc. 26, Gov't's Mot. Sum. J.; Doc. 28, Pl.'s Mot. Sum. J. The Motions are fully briefed and ripe for review. The Court considers them below.

## II.

## LEGAL STANDARDS

*A.    Summary Judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law . . . identif[ies] which facts are material," and only a "dispute[] over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the facts and the inferences drawn from the facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

*B.    Judicial Review of Agency Action*

"[R]eviewing an administrative decision on summary judgment calls for a modified standard: whether the agency acted appropriately given the standards of review set forth by the Administrative Procedure Act or the statute authorizing the agency's action." *Willingham v. Dep't of Lab.*, 475 F. Supp. 2d 607, 611 (N.D. Tex. 2007) (Robinson, J.). The Court must review whether USCIS "acted within the scope of its authority, followed procedural requirements, and made an appropriate decision . . . under . . . [the] arbitrary-and-capricious standard[]." *Id.* (citing *Miss. Comm'n on Nat. Res. v. Costle*, 625 F.2d 1269, 1274–75 (5th Cir. 1980)).

The Administrative Procedure Act provides a way for individuals "adversely affected . . . by agency action" to obtain judicial review of that action. 5 U.S.C. § 702. Section 706 of the APA establishes the scope of judicial review, which "has the function of determining whether the administrative action is consistent with the law ." *See Girling Health Care, Inc. v. Shalala*, 85 F.3d 211,

215 (5th Cir. 1996). Thus, the summary-judgment standard for APA claims is not whether there is a genuine dispute of material fact, but whether the agency action violated § 706. *See, e.g., Tex. Comm. on Nat. Res. v. Van Winkle*, 197 F. Supp. 2d 586, 595–96 (N.D. Tex. 2002)(Means, J.) (analyzing whether the agency action violated § 706(2)(A)).

Section 706 requires courts to "hold unlawful and set aside" agency action that is "arbitrary capricious, an abuse of discretion, [or] otherwise not in accordance with law." § 706(2)(A). An agency's decision is not arbitrary and capricious if the agency can "articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotations omitted). However, if the agency "relied on factors that Congress did not intend it to consider, failed to consider an important aspect of the problem, or offered an explanation counter to the evidence," the decision must be set aside. *Amin v. Mayorkas*, 24 F.4th 383, 393 (5th Cir. 2022) (citing *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43). This inquiry is narrow. *Id.* If the agency "considered the relevant facts and articulated a satisfactory explanation for its decision[,] [the Court] cannot substitute [its] judgment for the agency's." *Id.*

C.   *Aliens of Extraordinary Ability*

To demonstrate extraordinary ability, an applicant must satisfy a two-prong test. An applicant must first submit evidence that he has "sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." *Id.* § 204.5(h)(3). Satisfactory evidence includes "evidence of a one-time achievement" or evidence that shows, by a preponderance of the evidence, at least three of the following criteria:

>    (i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;
>
>    (ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;
>
>    (iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;
>
>    (iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;
>
>    (v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;
>
>    (vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;
>
>    (vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;
>
>    (viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;
>
>    (ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or
>
>    (x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

§ 204.5(h)(3)(i)–(x). If the above criteria do not "readily apply" to the applicant's occupation, the applicant may "submit comparable evidence to establish the [applicant's] eligibility." *Id.* § 204.5(h)(4). Once an applicant meets at least three of these criteria, "[t]he agency then [moves to the second prong of the test] and conducts a 'final merits determination' to determine whether, as

a whole, the evidence is sufficient to demonstrate that the applicant meets the 'required high level of expertise.'" *Amin*, 24 F.4th at 388.

## III.

## ANALYSIS

USCIS ultimately concluded that Goncharov had not demonstrated that he was an alien with extraordinary ability. As to the first prong, it concluded that Goncharov "superficially met four of the 10 criteria." Doc. 27, Gov't's Br. Supp., 9. Specifically, Goncharov demonstrated:

> he (1) received nationally or internationally recognized prizes or awards for excellence in the his field; (2) had materials published about his work in the field in professional or major trade publications or other major media; (3) had published his own scholarly articles in the field and (4) commanded a high salary or other significantly high remuneration for services, in relation to others in the field.

*Id.* But, despite meeting these four criteria, USCIS concluded as to the second prong "Goncharov's evidence did not support his claim that he belonged 'among those few at the top of field and who ha[ve] achieved and sustained acclaim.'" *Id.* at 9–10. Goncharov, however, argues that he met three additional criteria, including:

> he (1) made original scientific, scholarly, artistic, or business-related contributions of major significance, (2) performed in a leading or critical role for organizations or establishments that have a distinguished reputation; and (3) was a member of associations which required outstanding achievements of their members, as judged by national or international experts.

*Id.* at 13 (citations omitted). Further, he argues that "USCIS' findings on the second prong are arbitrary and capricious" given that it previously found that Goncharov satisfied four of the ten criteria. Doc. 29, Pl.'s Br. Supp., 20.

The Court first reviews USCIS's findings regarding whether Goncharov met the criteria under § 204.5(h)(3)(ii), (v), and (viii). The Court then reviews USCIS's finding that Goncharov's

evidence did not support that he has risen to the top of his field of endeavor and sustained national or international acclaim. After reviewing the evidence, the Court concludes that USCIS did not err in denying Goncharov's Petition.

A.     *Whether USCIS's Findings as to the Three Disputed Criteria Were Arbitrary and Capricious*

Goncharov argues that USCIS incorrectly applied § 204.5(h)(3) by finding the "substantial evidence of his qualifications" did not establish that he met the criteria in § 204.5(h)(3)(ii), (v), and (viii). *Id.* at 10. This misapplication, according to Goncharov, was arbitrary and capricious. *See id.* The Government argues that "USCIS considered the relevant evidence and legal standards, and determined that Goncharov did not meet the aforementioned criterion [sic]." Doc. 27, Gov't's Br. Supp., 15.

i.     Section 204.5(h)(3)(ii)

To meet the criterion under § 204.5(h)(3)(ii), an applicant must present "[d]ocumentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields."

Goncharov submitted evidence that "he had scored in the top 1% among Oracle PL/SQL developers . . . as well as evidence that he was one of 106 people worldwide who passed the JAWS Certificate exam in 2020." Doc. 29, Pl.'s Br. Supp., 10. He argues that these facts "should be accepted as comparable evidence . . . regarding membership in associations in the field." *Id.* The Government argues that "neither ranking among a group of developers nor passing an exam is evidence that Goncharov was in (1) an association that (2) required outstanding achievement and

(3) had membership eligibility that is judged by experts in the field." Doc. 27, Gov't's Br. Supp., 15. Further, Goncharov did not argue that his field does not have such associations and thus has failed to demonstrate that his occupation fell within § 204.5(h)(4)'s exception. *Id.*

The Court agrees with the Government and finds Goncharov's reliance on *MRC Energy Co. v. U.S. Citizenship & Immigr. Servs.*, 2021 WL 1209188 (N.D. Tex. Mar. 31, 2021) (Kinkeade, J.) inapposite. The Court in *MRC Energy* found USCIS's decision to deny an applicant's application arbitrary and caprcious because it "imposed a 'novel, evidentiary requirement'" not included in § 204.5(h)(3). *Id.* at *11 (citing *Kazarian v. USCIS*, 596 F.3d 1115, 1121–22 (9th Cir. 2010)). USCIS did not impose such requirements here. USCIS considered whether Goncharov presented evidence of "associations which grant memberships," a requirement under § 204.5(h)(3)(ii). *See* Doc. 25, Ex. 1, at 4. He did not. *See id.* No reasonable analysis could conclude that Goncharov satisfied § 204.5(h)(3)(ii) without such evidence. And while Goncharov is correct that he may submit comparable evidence, USCIS's decision to not consider Goncharov's comparable evidence because "the plain language of [§ 204.5(h)(4) did] not allow for the submission of comparable evidence" was not arbitrary and capricious. *See id.* (finding that Goncharov did not show that he could not establish visa preference under the criteria of § 204.5(h)(3)(ii)). Goncharov does not assert he made such argument and the Court will not sift through the over one-thousand-page record to search for proof of such an argument.

Without additional evidence, the Court cannot conclude that USCIS erred when concluding Goncharov did not satisfy § 204.5(h)(3)(ii).

ii.  Section 204.5(h)(3)(v)

To meet the criterion under § 204.5(h)(3)(v), an applicant must present "[e]vidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field."

Goncharov submitted several letters from individuals in the field of Oracle APEX and Database Administration. Doc. 29, Pl.'s Br. Supp., 14–15. He also submitted evidence of his patented software. *Id.* at 16. USCIS found that such evidence did not show a "significant impact on the field as a whole rather than lesser impacts." Doc. 25, Ex. 1, at 6. Additionally, it found that the letters did not "specifically articulate how [Goncharov's] contribution are of major significance to the field." *See id.* Goncharov argues that USCIS imposed a requirement not found in § 204.5(h)(3)(v): that the contribution "affected the field as a whole rather than just certain people or their employers using his work." Doc. 29, Pl.'s Br. Supp., 13; see Doc. 25, Ex. 1, at 6. And even if that requirement was embedded in § 204.5(h)(3)(v), Goncharov argues that his contribution "is of major significance to Oracle, and all of Oracle software clients." Doc. 29, Pl.'s Br. Supp., 16.

Contrary to Goncharov's assertions, USCIS's interpretation of § 204.5(h)(3)(v) was reasonable. Courts have routinely affirmed agency decisions that held § 204.5(h)(3)(v) "requires substantial influence beyond one's employers, clients, or customers." *Strategati, LLC v. Sessions*, 2019 WL 2330181, at *6 (S.D. Cal. May 31, 2019) (upholding an agency decision that held "[a] patent is not necessarily evidence of a track record of success with some degree of influence over the field as a whole."); *see also Amin*, 24 F.4th at 394 (upholding agency decision that held evidence insufficient "because it did not show widespread replication of [the applicant's invention]");

*Visinscaia v. Beers*, 4 F. Supp. 3d 126, 134 (D.D.C. 2013) (upholding agency decision that rejected letters that did not provide "specific evidence that [the applicant's] techniques were being used by others in the field"). The Court will not depart from such a settled interpretation here.

Further, USCIS conducted a thorough analysis of Goncharov's evidence. *See* Doc. 25, Ex. 1, at 4–6. USCIS concluded the letters submitted failed to provide specific evidence as to how Goncharov impacted his field. *Id.* at 5. Goncharov asks this Court to reweigh the evidence and come to a different conclusion. But "[the Court] cannot substitute [its] judgment for the agency's." *Amin*, 24 4th at 393. USCIS "considered the relevant facts and articulated a satisfactory explanation." *See id.* The Court cannot conclude that decision was arbitrary and capricious.

### iii.   Section 204.5(h)(3)(viii)

To meet the criterion under § 204.5(h)(3)(viii), an applicant must present "[e]vidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation."

Goncharov submitted letters from individuals at companies where he allegedly played a leading and critical role as well as information regarding these companies. Doc. 25, Ex. 1, at 6. USCIS found that these letters did not establish how Goncharov's "work . . . was critical to the organizations . . . rather than to the outcome of specific, limited tasks or projects." *Id.* at 7. Goncharov argues that USCIS "completely ignored" his evidence in reaching this conclusion. Doc. 29, Pl.'s Br. Supp., 17.

Again, Goncharov asks the Court to reconsider evidence USCIS found insufficient. In its analysis, USCIS addressed each letter and the associated deficiencies. *See* Doc. 25, Ex. 1, at 6–7 (noting that Goncharov's letters either did not show that "his employers were set apart from others"

or that "his role was critical to the success of the organization"). This "reasoned decisionmaking process . . . satisf[ies] the lenient arbitrary-and-capricious standard of review." *Visinscaia*, 4 F. Supp. 3d at 135.

Thus, the Court cannot conclude USCIS erred in finding that Goncharov only satisfied four of the ten criteria listed in § 204.5(h)(3).

B.   *Whether USCIS's Findings on the Final Merits Determination Were Arbitrary and Capricious*

The Court next addresses whether USCIS erred in concluding Goncharov did not demonstrate he had risen to the top of his field and sustained national or international acclaim. USCIS found that Goncharov met four criteria, but "the evidence [did] not show that [his] achievements set him significantly above almost all others in the field." Doc. 25, Ex. 1, at 10. Goncharov argues that USCIS's findings "are arbitrary and capricious . . . especially after it . . . found that [Goncharov] actually met . . . [four] of [the] criteria." Doc. 29, Pl.'s Br. Supp., 20.

After reviewing USCIS's findings, the Court cannot conclude that its findings were arbitrary and capricious.

> Th[e] underlying standard—whether [Goncharov] showed extraordinary ability—combines with [the Court's] deferential arbitrary-and-capricious review to create a daunting obstacle to the relief [Goncharov] seeks. Extraordinary ability is such an elite level of accomplishment that recognizing it necessarily entails a judgment call. Arguing that the agency was compelled to find extraordinary ability is a bit like saying that the only possible grade on an exam was an A+.

*See Amin*, 24 F.4th at 394–95. Further, "[i]f meeting the regulatory criteria was enough to establish one's acclaim, there would be no step two of the analysis." *Id.* at 395. USCIS properly considered Goncharov's accomplishments and found them wanting. *See* Doc. 25, Ex. 1, at 8–10. Goncharov believes a different conclusion was warranted but that alone cannot make the decision arbitrary and

capricious. The Court will not set aside a decision that "reflects the reasoned consideration the APA requires." *See Amin*, 24 F. 4th at 395.

## IV.

## CONCLUSION

For the reasons explained above, the Court finds that USCIS's decision to deny Goncharov's Petition was not arbitrary and capricious. Thus, Goncharov's Motion for Summary Judgment (Doc. 28) is **DENIED** and the Government's Motion for Summary Judgment (Doc. 26) is **GRANTED.**

**SO ORDERED**.

**SIGNED: November 29, 2022.**

                                        **JANE J. BOYLE**
                                        **UNITED STATES DISTRICT JUDGE**